Amir M. Nassihi (SBN: 235936)
anassihi@shb.com
Nalani L. Crisologo (SBN: 313402)
ncrisologo@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104-4505
Tel.: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CARLOS HERNANDEZ and LUISA GARCIA MIRANDA,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOE 1 through DOE 10, inclusive,<br><br>Defendants. | Case No. 8:20-cv-1995<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>Complaint Filed: September 17, 2020<br><br>[Filed concurrently with: Declaration of Nalani Crisologo; Certification and Notice of Interested Parties; Civil Cover Sheet] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant FORD MOTOR COMPANY hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the claims pending as Case No. 30-2020-01160773-CU-BC-CJC in the Superior Court of California, County of Orange. In support of its Notice of Removal, Ford states as follows:

## I. THE REMOVED CASE

1. Plaintiffs Carlos Hernandez and Luisa Garcia Miranda filed this civil action against Ford Motor Company on September 17, 2020, in the Superior Court of California, County of Orange, styled *Carlos Hernandez and Luisa Garcia Miranda v. Ford Motor Company*, Case No. 30-2020-01160773-CU-BC-CJC. A true and correct copy of the Summons and Complaint are attached as Exhibit A to the Declaration of Nalani Crisologo ("Crisologo Declaration") filed in support.

2. Pursuant to 28 U.S.C. §1446(a), Exhibit A constitutes "a copy of all process, pleadings, and orders served upon" Ford.

3. On October 9, 2020, Ford filed an Answer to Plaintiffs' Complaint, a true and correct copy of which is attached as Exhibit B to the Crisologo Declaration.

4. In their Complaint, Plaintiffs asserts claims under the Song-Beverly Act against Ford. *See* Ex. A. Ford denies these allegations.

5. This case is related to numerous cases coordinated in a multidistrict litigation, *In re: Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation*, MDL No. 2814, pending in the Central District of California before the Honorable André Birotte, Jr. Plaintiffs and each of the plaintiffs in the MDL allege breach of warranty obligations by Ford regarding a dual-dry clutch PowerShift synchronized 6-speed (DPS6) transmission installed in a Ford Focus or Ford Fiesta. Ford anticipates that this case will be included in the MDL.

## II. FORD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This removal is timely. Ford files this Notice of Removal within 30 days of September 18, 2020, the date that Ford was served a copy of the Complaint and summons from Orange County Superior Court. *See* 28 U.S.C. § 1446(b)(2)(B). A true and correct copy of the Notice of Service of Process of the Complaint is attached as Exhibit C to the Crisologo Declaration filed in support.

7. The United States District Court for the Central District of California is the proper venue for removal under 28 U.S.C. § 1446(a) because it is "the district and division embracing the place where such action is pending," namely, Orange County.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Orange County Superior Court, and Ford will serve a copy of the Notice of Removal on all parties to the case.

9. Ford does not waive any defenses, including without limitation any defenses pursuant to Federal Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7). By filing this Notice of Removal, Ford also does not waive any right to compel Plaintiffs to arbitration, should Ford later determine that such a right exists.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

#### A. Diversity of Citizenship Exists Between the Parties.

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a), because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. Removal under 28 U.S.C. § 1441(b) is appropriate in this matter because complete diversity of citizenship exists between Plaintiffs and Ford. See 28 U.S.C. § 1332(c)(1).

11. On information and belief, Plaintiffs Carlos Hernandez and Luisa Garcia Miranda are citizens of California. For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be his state of citizenship. *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.") Although Plaintiffs do not allege in their Complaint the state in which they reside, Plaintiffs allege that they purchased their vehicle from Ford of Chula Vista in Chula Vista, California. *See*

Crisologo Decl., Ex. A. Moreover, Ford is informed and believes that Plaintiffs reside in California. *See* Crisologo Decl., ¶ 6.

12. Ford is now and was at the time Plaintiffs commenced this action, a Delaware corporation, having its principal place of business in Michigan and, thus, for jurisdictional purposes, is a citizen of Delaware and Michigan. *See* Crisologo Declaration, Ex. D (Ford's Form 8-K Filing); *see also* Fed. R. Evid. 201(b)(2).

13. This Court, therefore, has original jurisdiction of this action under 28 U.S.C. § 1332 because the sole named Defendant is a citizen of Delaware and Michigan while Plaintiffs are citizens of California.

### B. The Amount-in-Controversy Requirement Is Satisfied.

14. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Ford disputes that it is liable to Plaintiffs for any damages. Nevertheless, Ford can demonstrate that the amount-in-controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is met. *Id*.

15. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). At that time, "it may

1  be appropriate to allow discovery relevant to [the] jurisdictional amount prior to
2  remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

3        16.    Here, the Complaint alleges that Plaintiffs are entitled to, among other items, $1,000 for Plaintiffs' down payment, $9,554 for payments made to date, along with an unspecified amount for vehicle registration, repair expenses, out of pocket expenses, towing expenses, rental car expenses, and future expenses. *See* Crisologo Decl., Ex. A, Prayer for Relief. Plaintiffs then allege that they seek $35,720 in "actual damages," along with a civil penalty of up to two times the amount of actual damages. Based on the amount of "actual damages," Ford is informed and believes that Plaintiffs seek at least $107,160 in actual damages and civil penalties ($35,720 actual damages + $71,440 civil penalty). *Id.*

      17.    In addition to actual damages and civil penalties, the Song-Beverly Act itself allows for the recovery of attorneys' fees. Cal. Civil Code § 1794(d). The amount in controversy therefore includes a reasonable estimation of attorney's fees. *See Fritsch v. Switch Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in controversy requirement is met.") Based on the availability of attorney's fees in addition to the $107,160 in damages and civil penalties, the amount in controversy far exceeds $75,000.

## IV. CONCLUSION

      18.    This Court has federal subject matter jurisdiction over this action. Specifically, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Ford and the amount in controversy is satisfied. Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Ford Motor Company hereby removes the above-captioned action to the United States District Court for the Central District of California.

1  WHEREFORE, Defendant Ford Motor Company hereby removes this action
2  now pending against it in the Superior Court of the State of California, County of
3  Orange, to this Honorable Court.

5  Dated: October 16, 2020         Respectfully submitted,

              SHOOK, HARDY & BACON L.L.P.

              By: _____
                 AMIR NASSIHI
                 NALANI CRISOLOGO

              Attorneys for Defendant
              FORD MOTOR COMPANY

**DEMAND FOR JURY TRIAL**

Defendant Ford Motor Company demands a trial by jury on all issues that may be tried by a jury.

Dated: October 16, 2020

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: *[signature]*
AMIR NASSIHI
NALANI CRISOLOGO

Attorneys for Defendant
FORD MOTOR COMPANY